UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY and CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON SQUARE HOTEL HOLDINGS, LLC (as alleged assignee of Vandervert Construction, Inc.)<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiffs VALLEY FORGE INSURANCE COMPANY ("Valley Forge") and CONTINENTAL CASUALTY COMPANY ("Continental") (collectively, "Plaintiffs"), for their Complaint against the above-named defendant, allege as follows:

## NATURE OF THE CASE

1.1. Plaintiffs bring this action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding the parties' rights and obligations in connection with general liability insurance issued to Vandervert Construction, Inc. ("Vandervert"). On or about February 2, 2018, a petition for appointment of a general receiver was filed in Washington State court placing Vandervert in receivership proceedings. In those proceedings, defendant Washington Square Hotel Holdings

COMPLAINT – NO. _____  - 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

LLC ("Washington Square") filed a proof of claim on or about March 6, 2018 against Vandervert for breach of contract in connection with construction of a Hilton Garden Inn located in Bellevue, Washington. Washington Square contracted with Vandervert to act as the general contractor on the construction project. The construction project was ongoing and had not been completed when the receivership was filed. Washington Square sought recovery from Vandervert of about $7 million allegedly for contractual liquidated delay damages and costs to complete work at the construction project. Valley Forge defended Vandervert in connection with the claim asserted by Washington Square against Vandervert in the receivership proceedings. In the spring of 2021, Valley Forge repeatedly attempted to communicate with the receiver regarding the claim by Washington Square against Vandervert. Valley Forge received no response from the receiver's counsel until recently when counsel for the receiver informed Valley Forge's counsel that the receiver settled the claim by Washington Square and assigned to Washington Square Vandervert's rights under policies issued by Plaintiffs to Vandervert. Valley Forge seeks a declaration that the claim made by Washington Square against Vandervert in the receivership proceedings is not covered under the primary policies issued by Valley Forge and the umbrella policies issued by Continental to Vandervert.

## PARTIES

2.1. Valley Forge is a corporation organized under the laws of the state of Pennsylvania, with its principal place of business in the state of Illinois. Valley Forge has legally transacted insurance business in the state of Washington and within the geographical jurisdiction of the United States District Court for the Western District of Washington.

2.2. Continental is a corporation organized under the laws of the state of Illinois, with its principal place of business in Illinois. Continental has legally transacted insurance business in the state of Washington and within the geographical jurisdiction of the United States District Court for the Western District of Washington.

COMPLAINT – NO. _____  - 2 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

2.3. Washington Square is a limited liability company organized under the laws of the state of Washington with its principal place of business in Bellevue, Washington.

2.4. The only member of Washington Square is Michael J. Nielson. Michael J. Nielson is a citizen of the state of Washington.

2.5. Based on information and belief, Washington Square settled its claim against Vandervert with the receiver and received an assignment of Vandervert's rights under policies issued by the Plaintiffs to Vandervert in exchange for or in connection with a covenant not to pursue recovery from Vandervert.

## JURISDICTION

3.1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiffs and Washington Square, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

3.2. This Court has personal jurisdiction over Washington Square because Washington Square conducts business in the state of Washington and within this District.

3.3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims at issue in this action occurred in this District.

3.4. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties in that Plaintiffs contend that the claim made by Washington Square against Vandervert in the receivership proceedings is not covered and does not seek relief covered under the insurance policies Plaintiffs issued to Vandervert.

## FACTUAL ALLEGATIONS

4.1 *The Hilton Garden Inn Project*

4.2 This insurance dispute arises out of unfinished construction of a Hilton Garden Inn in Bellevue, Washington (the "Project").

4.3 Washington Square is the Owner of the Project.

COMPLAINT – NO. _____ - 3 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

4.4 In or about July 2015, Washington Square contracted with Vandervert to act as the general contractor on the Project.

4.5 On or about August 31, 2015, Vandervert entered into a subcontract with Peter Winberg Construction, Inc. ("Winberg"), to perform the framing work on the Project.

4.6 Work on the Project began in roughly September 2015.

4.7 On or about July 25, 2016, Winberg abandoned the Project and refused to return to complete its scope of work.

4.8 After Winberg abandoned the Project, Vandervert began to discover framing errors and trade damage caused by Winberg.

4.9 On or about August 25, 2016, after finding significant framing deficiencies, the City of Bellevue Development Services Department issued a Stop Work Notice on the Project.

4.10 The Stop Work Order remained in place while Vandervert and Washington Square submitted a new set of structural drawings and calculations to remedy Winberg's non-conforming, defective built framing.

4.11 On information and belief, Vandervert undertook to remediate Winberg's non-conforming, defective framing.

4.12 The redesign and framing repairs caused a delay in the course of construction. As a result, Vandervert was unable to completely "dry in" the project prior to the rainy season.

4.13 While the Stop Work Order was in effect, several rain events in October 2016 caused water intrusion.

4.14 The scheduled dry-out work took longer than expected.

4.15 On information and belief, Vandervert partially compensated Washington Square for some liquidated delay damages owed under its contract with Washington Square.

4.16 Vandervert was unable to timely complete the project and was terminated by Washington Square on or about February 1, 2018.

COMPLAINT – NO. _____   - 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

4.17 *Vandervert is placed into State Receivership Proceedings in February 2018*

4.18 On or about February 2, 2018, a petition for appointment of a general receiver was filed in the Superior Court for the State of Washington, Spokane County placing Vandervert in receivership proceedings under case no. 18-2-00431-9.

4.19 On or about March 6, 2018, Washington Square filed a proof of claim (the "Claim") against Vandervert for breach of contract in connection with the Project, seeking recovery of in excess of $7.7 million allegedly for contractual liquidated delay damages, costs to complete unfinished work, and attorney's fees.

4.20 The Claim included a one page summary of amounts allegedly claimed for contractual liquidated delay damages, for estimated costs to complete work, and legal fees , for a total claim in excess of Plaintiffs' policy limits. No information supporting the Claim was attached to the one-page summary.

4.21 On or about April 20, 2018, Plaintiffs received notice from counsel for the receivership of the Claim submitted by Washington Square against Vandervert in the receivership proceedings.

4.22 Thereafter, Plaintiffs requested documents and information to investigate the basis of the Claim.

4.23 The documents and information (comprising in excess of 50,000 documents) were not available for Plaintiffs to access until more than a year later.

4.24 Based on the information provided to Plaintiffs, the Claim seeks damages for Vandervert's breach of its contract with Washington Square comprising liquidated delay damages, costs to complete work not finished by Vandervert and legal fees allegedly incurred by Washington Square.

4.25 Subject to a reservation of rights, Valley Forge defended Vandervert against the Claim by Washington Square against Vandervert.

4.26 Plaintiffs informed counsel for the Receiver in writing that the policies they issued to Vandervert do not cover the Claim and specifically identified applicable policy provisions.

4.27 Plaintiffs invited the Receiver as well as Washington Square to provide information and

COMPLAINT – NO. _____ - 5 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

documentation to support a claim under the policies for *covered* damages or ultimate net loss resulting from property damage during the policy period but no such information was or has been provided to Plaintiffs.

4.28 Continental has requested that the Receiver provide a copy of any settlement agreement, assignment, or covenant pertaining to the Claim. The Receiver has declined to provide any such documents.

4.29 *The Insurance Issued to Vandervert by Plaintiffs*

4.30 **The Valley Forge Primary Policy**

4.31 Valley Forge issued policy no. 5095016585 to Vandervert, incepting July 1, 2015 and expiring July 1, 2016 (the "2015 Primary Policy").

4.32 The 2015 Primary Policy was renewed, effective July 1, 2016–July 1, 2017 (the "2016 Primary Policy"), and renewed again, effective July 1, 2017–February 28, 2018 (the "2017 Primary Policy"). The 2015 Primary Policy, 2016 Primary Policy, and the 2017 Primary Policy are collectively referred to herein as the "Valley Forge Primary Policies." A true and correct certified copy of the 2016 Primary Policy is attached as Exhibit A.

4.33 The 2016 Primary Policy has limits of $1 million each occurrence and $2 million in the aggregate. Exhibit A at p.160.

4.34 The Insuring Agreement of the Commercial General Liability Coverage Part of the Valley Forge Primary Policies provides in relevant part:[1]

> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the **Insured** becomes legally obligated to pay as **damages** because of . . . **property damage** to which this insurance applies. We will have the right and duty to defend the insured against any **suit** seeking those **damages**.

---

[1] Terms in **bold** are defined in the Policies.

COMPLAINT – NO. _____     - 6 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

> However, we will have no duty to defend the **Insured** against any **suit** seeking damages for . . . **property damage** to which this insurance does not apply. We may, at our discretion, investigate any **occurrence** and settle any claim or **suit** that may result. . .
>
> * * *
>
> **b.** This insurance applies to … **property damage** only if:
>
> **(1)** The . . . **property damage** is caused by an **occurrence** that takes place in the **coverage territory**;
>
> **(2)** The . . . **property damage** occurs during the **policy period**; and
>
> **(3)** Prior to the **policy period**, no **Insured** listed under Paragraph **1.** of Section **II – Who Is An Insured** and no **employee** authorized by you to give or receive notice of an **occurrence** or claim, knew that the . . . **property damage** had occurred, in whole or in part. If such a listed **Insured** or authorized **employee** knew, prior to the **policy period**, that the **property damage** occurred, then any continuation, change or resumption of such . . . **property damage** during or after the **policy period** will be deemed to have been known prior to the **policy period**.
>
> **c.** . . . **property damage** which occurs during the **policy period** and was not, prior to the **policy period**, known to have occurred by any insured listed under Paragraph **1.** of Section **II – Who Is An Insured** or any **employee** authorized by you to give or receive notice of an **occurrence** or claim, includes any continuation, change or resumption of that . . . **property damage** after the end of the **policy period**.
>
> **d.** . . . **property damage** will be deemed to have been known to have occurred at the earliest time when any **Insured** listed under Paragraph 1. of Section **II - Who Is An Insured** or any **employee** authorized by you to give or receive notice of an **occurrence** or claim:
>
> **(1)** Reports all, or any part, of the . . . **property damage** to us or any other insurer;
>
> **(2)** Receives a written or verbal demand or claim for damages because of the . . . **property damage**; or
>
> **(3)** Becomes aware by any other means that . . . **property damage** has occurred or has begun to occur. . . .

COMPLAINT – NO. _____

- 7 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Exhibit A at p.162.

4.35 The Valley Forge Primary Policies define **Occurrence** to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Exhibit A at p.179.

4.36 The Valley Forge Primary Policies define **Damages** as follows:

> **Damages** means the amount an Insured is legally obligated to pay, either through:
>
> A. final adjudication of a covered claim; or
>
> B. through compromise or settlement of a covered claim with the Insurer's written consent or direction.

Exhibit A at p.246 (Endt. 17).

4.37 The Valley Forge Primary Policies define **Property damage** to mean:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property.

Exhibit A at 180.

4.38 The Valley Forge Primary Policies contain the following Exclusions, which state in relevant part:

> 2. **Exclusions**
>
> This insurance does not apply to:
>
> a. **Expected Or Intended Injury**
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily

COMPLAINT – NO. _____    - 8 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**j.** **Damage To Property**

**Property damage** to:

\* \* \*

**(5)** That particular part of real property on which the **Named Insured** or any contractors or subcontractors working directly or indirectly on the **Named Insured's** behalf are performing operations, if the **property damage** arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.

\* \* \*

**m.** **Damage To Impaired Property Or Property Not Physically Injured**

**Property damage** to **impaired property** or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **your product** or **your work** after it has been put to its intended use.

**n.** **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** **Your product**;

**(2)** **Your work**; or

**(3)** **Impaired property**;

COMPLAINT – NO. _____

- 9 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

    if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Exhibit A at pp.163, 167, and 193.

4.39 The Valley Forge Primary Policies also contain a Washington state endorsement barring coverage for **property damage** arising out of or relating to fungi, mold, or mildew. Exhibit A at p.212.

### The Continental Umbrella Policy

4.40 Continental issued umbrella policy no. 5091290391 to Vandervert, incepting July 1, 2015 and expiring July 1, 2016 (the "2015 Umbrella Policy").

4.41 The 2015 Umbrella Policy was renewed, effective July 1, 2016–July 1, 2017 (the "2016 Umbrella Policy"), and renewed again, effective July 1, 2017–February 28, 2018 (the "2017 Umbrella Policy"). The 2015 Umbrella Policy, 2016 Umbrella Policy, and the 2017 Umbrella Policy are collectively referred to herein as the "Continental Umbrella Policies." A true and correct copy of the 2016 Umbrella Policy is attached as Exhibit B.

4.42 The 2016 Umbrella Policy has limits of $5 million each occurrence and in the aggregate. Exhibit B at p.5.

4.43 The Insuring Agreement of the Commercial General Liability Coverage Part of the Continental Umbrella Policies provides in relevant part:

  1. **Insuring Agreement**

   We will pay on behalf of the insured those sums in excess of "scheduled underlying insurance," "unscheduled underlying insurance" or the "retained limit" that the insured becomes legally obligated to pay as "ultimate net loss" because of … "property damage" . . . to which this insurance applies.

   **a.** This insurance applies to . . . "property damage" only if:

    **(1)** The … "property damage" is caused by an "incident" anywhere in the world;

    **(2)** The ... "property damage" occurs during the policy period; and

COMPLAINT – NO. _____ - 10 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

  **(3)** With respect to ... "property damage" that continues, changes or resumes so as to occur during more than one policy period, both of the following conditions are met:

    **(i)** Prior to the policy period, no "authorized insured" knew that the ... "property damage" had occurred, in whole or in part; and

    **(ii)** During the policy period, an "authorized insured" first knew that the ... "property damage" had occurred, in whole or in part.

  For purposes of this Paragraph **(1) a.(3)** only, if **(a)** ... **"**property damage" that occurs during this policy period does not continue, change or resume after the termination of this policy period; and **(b)** no "authorized insured" first knows of this ... "property damage" until after the termination of this policy period, then such first knowledge will be deemed to be during this policy period.

 **b.** ... "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "authorized insured" includes any continuation, change or resumption of that ... "property damage" after the end of the policy period.

 **c.** ... "property damage" will be deemed to have been known to have occurred at the earliest time when any "authorized insured":

  **(1)** Reports all, or any part, of the ... "property damage" to us or any other insurer;

  **(2)** Receives a written or verbal demand, claim or "suit" for damages because of the ... "property damage"; or

  **(3)** Becomes aware by any other means that ... "property damage" has occurred or has begun to occur....

Exhibit B at p.11.

4.44 The Continental Umbrella Policies define **Ultimate Net Loss** to mean:

 a. "Ultimate net loss" means the actual damages the insured is legally obligated to pay, either through:

COMPLAINT – NO. _____ - 11 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

      (1) Final adjudication on the merits; or

      (2) Through compromise settlement with our written consent or direction; because of 'incident(s)' covered by this policy. . . ."

Exhibit B at 23-24.

4.45    The Continental Umbrella Policies contains exclusions **a. Expected or Intended Injury**, **j. Damage to Property**, **m. Damage to Impaired Property or Property not Physically Injured**, and **n. Recall of Products, Work or Impaired Property**. *See* Exhibit B at pp.11 and 14–15.

4.46    The Continental Umbrella Policies also contain an endorsement barring coverage for property damage arising out of or relating to fungi, mold, or mildew. Exhibit B at p.9.

## CONTROVERSY AND RIPENESS

5.1    Demand has been made on Plaintiffs to pay the Claim made by Washington Square against Vandervert.

5.2    Plaintiffs informed the receiver that the Claim by Washington Square against Vandervert is not covered under the Policies and does not seek covered **damages** or covered **ultimate net loss** as those terms are defined and used in the Policies.

## COUNT 1

## DECLARATORY RELIEF

6.1    Plaintiffs reallege and incorporate the allegations in paragraphs 1.15.3 as if fully set forth herein.

6.2    An actual and justiciable controversy exists between the parties as to whether any part of the Claim made by Washington Square against Vandervert is covered under the Policies.

6.3    Valley Forge and Continental contend that the Claim by Washington Square against Vandervert is not covered under the Policies and does not seek covered **damages** or covered **ultimate net loss** for **property damage** as those terms are defined and used in the Policies.

6.4    Valley Forge requests that the Court grant declaratory relief entering a judicial determination that Valley Forge has no obligation under the Valley Forge Primary Policies to pay any part of the Claim by Washington Square against Vandervert.

COMPLAINT – NO. _____    - 12 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

6.5     Continental requests that the Court grant declaratory relief entering a judicial determination that Continental has no obligation under the Continental Umbrella Policies to pay any part of the Claim by Washington Square against Vandervert.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a declaration and judgment as follows:

1.  For a declaration that the Valley Forge Primary Policies do not cover the Claim by Washington Square against Vandervert;

2.  For a declaration that the Continental Umbrella Policies do not cover the Claim by Washington Square against Vandervert;

3.  For all interest allowed by law;

4.  For attorney fees and costs allowed by statute, court rule or other rule of law; and

5.  For such other and further relief as the Court may deem just and proper.

DATED this 23rd day of June, 2021.

BETTS, PATTERSON & MINES, P.S.

By  *s/ Lawrence Gottlieb*
By  *s/ Matthew Munson*
    Lawrence Gottlieb, WSBA #20987
    Matthew Munson, WSBA #32019
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:   (206) 292-9988
Facsimile:   (206) 343-7053
E-mail:      lgottlieb@bpmlaw.com
E-mail:      mmunson@bpmlaw.com

*Attorneys for Plaintiffs Valley Forge Insurance Company and Continental Casualty Company*

COMPLAINT – NO. _____     - 13 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988