UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON SQUARE HOTEL HOLDINGS, LLC, <br><br> Defendant. | CASE NO. C21-0847JLR <br><br> ORDER ON MOTION TO AMEND ANSWER AND COUNTERCLAIMS |

## I. INTRODUCTION

Before the court is Defendant Washington Square Hotel Holdings, LLC's ("WSHH") motion for leave to amend its answer and counterclaims. (Mot. (Dkt. # 25); Reply (Dkt. # 33).) Plaintiffs Valley Forge Insurance Company ("Valley Forge") and Continental Casualty Company ("Continental") (collectively, "Plaintiffs") oppose the motion. (Resp. (Dkt. # 27).) The court has considered the parties' submissions, the

//

ORDER - 1

relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS WSHH's motion.

## II.   BACKGROUND

The court has previously summarized the relevant factual background, which it incorporates by reference. (2/4/22 Order (Dkt. # 22) at 2-7.) Accordingly, the court only briefly reviews the key facts for this action, which arises out of the construction of a Hilton Garden Inn hotel in Bellevue, Washington that began in 2015 (the "Project"). (*See id.*; Compl. (Dkt. # 2) ¶¶ 4.2-4.4; Answer (Dkt. # 10) ¶¶ 4.2-4.4.) The Project experienced water damage and delays following substantial rain storms in October 2016 and December 2016, allegedly caused by the substandard work of its former general contractor, Vandervert Construction, Inc. ("Vandervert"). (2/4/22 Order at 4.) Vandervert was terminated from the Project by WSHH and subsequently entered into a receivership proceeding in Spokane County Superior Court. (*Id.*)

WSHH submitted a claim in that proceeding for damages arising from Vandervert's work on the Project, which the Receiver then tendered to Plaintiffs on Vandervert's behalf, seeking coverage under two policies Vandervert held with Plaintiffs: (1) a primary commercial general liability policy issued by Valley Forge (the "CGL Policy"); and (2) an umbrella policy issued by Continental (the "Umbrella Policy") (collectively, the "Policies"). (*See id.* at 1, 4; *see also* Compl. ¶¶ 4.2-4.4, 6.3-6.5; Answer

//

---

[1] The parties do not request oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument is not necessary to dispose of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

¶¶ 4.2-4.4.) Plaintiffs initiated a claim investigation and subsequently notified Vandervert that they would defend it in the receivership proceeding, though they also reserved their rights to later seek a declaration that they did not need to defend or indemnify Vandervert under the Policies. (*See* 2/4/22 Order at 6.) Thereafter, the Receiver and WSHH reached a settlement agreement pursuant to which Vandervert assigned its rights and potential claims against Plaintiffs to WSHH and stipulated to a $12,995,563 judgment in favor of WSHH. (*Id.*) In return, WSHH agreed to pursue the stipulated judgment only against Plaintiffs. (*Id.*)

Plaintiffs filed this action on June 23, 2021 and sought a declaration that WSHH's losses are not covered by the Policies and that Plaintiffs have no obligation to pay WSHH for them. (*See id.*; *see also* Compl. at 12-13.) WSHH answered the complaint on September 20, 2021, and also asserted counterclaims against Plaintiffs for breach of contract (Answer ¶¶ 20-22); violations of the Washington Consumer Protection Act ("CPA") (*id.* ¶¶ 22-27); negligence (*id.* ¶¶ 28-31); and breach of Plaintiffs' duty to act in good faith (*id.* ¶¶ 32-40). Plaintiffs then moved for summary judgment on the coverage issue. (MSJ (Dkt. # 15).) The court found that WSHH was not entitled to coverage under the Policies and, thus, granted Plaintiffs' motion for summary judgment. (*See* 2/4/22 Order.)

### III.   ANALYSIS

WSHH seeks leave to amend its answer and counterclaims, principally to add an additional counterclaim for Plaintiffs' alleged violation of the Washington Insurance Fair Conduct Act ("IFCA"). (*See* Mot. at 1, 8; *see also* 5/27/22 Clapham Decl. (Dkt. # 26)

¶ 10, Ex. 9 ("Proposed Am. Compl.") ¶¶ 48-53.)  Plaintiffs argue that WSHH should not be granted leave to add its proposed IFCA claim given that the claim is doomed to fail because:  (1) it is "premised on violations of the WAC," which cannot sustain an IFCA claim on their own; and (2) Plaintiffs' denial of coverage was reasonable under the Policies, as confirmed by the court's prior order granting summary judgment on the coverage issue.  (*See* Resp. at 1 (emphasis omitted) (quoting *Hanson v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1110, 1116 (W.D. Wash. 2017)).)

On reply, WSHH argues that, while the court previously concluded that Plaintiffs did not need to provide coverage under the Policies, it had no occasion to consider whether Plaintiffs breached their duty to defend their insured in the receivership proceedings, which is an infraction that provides a separate and sufficient basis for the proposed IFCA claim.  (*See* Reply at 1.)  WSHH further argues that, while its motion "inaccurately asserts that its [proposed] IFCA claim is based on Plaintiffs' violations of Washington's fair claims settlement regulations," its proposed amended complaint alleged that the proposed IFCA claim arises from Plaintiffs' "unreasonable denial of a claim for coverage and defense," and urges the court to consider its motion and proposed amended answer in that light.  (*See id.* at 3 (quoting Proposed Am. Answer ¶ 49 (emphasis omitted)); *see also* Proposed Am. Answer ¶ 50 (alleging that regulatory violations constitute "per se violations" of IFCA).)  WSHH attaches a revised proposed amended answer to its reply brief, which strikes the allegation that regulatory violations constitute per se violations of IFCA.  (*See* 6/17/22 Clapham Decl. (Dkt. # 34) ¶ 2, Ex. 1

//

("Rev. Proposed Am. Answer") ¶ 50.) It is this revised proposed amended answer that WSHH ultimately asks the court for leave to file. (*See* Reply at 4.)

      Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under such circumstances, "[t]he court should freely give leave when justice so requires" *id.*, and may deny leave to amend "only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made," *United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990) (citing *Moore v. Kayport Packaging Exp. Inc.*, 885 F.2d 531, 538, 539 (9th Cir. 1989)).

      Plaintiffs do not contend, and the court does not find, that permitting WSHH to amend its answer and counterclaims would cause undue prejudice or delay or that WSHH's proposal is made in bad faith. (*See generally* Resp.) Nor does the court conclude that WSHH's proposed amended answer, including its proposed addition of a claim under IFCA, is "clearly frivolous." *United Union of Roofers*, 919 F.2d at 1402. Although "IFCA was not meant to create a cause of action for regulatory violations," *see Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 481 (Wash. 2017), it does provide a cause of action against an insurer that unreasonably refuses to defend its

insured, *see BDR Clyde Hill VII LLC v. Cont'l W. Ins. Co.*, 478 F. Supp. 3d 1097, 1106 (W.D. Wash. 2020) (granting summary judgment to insured on its IFCA claim after finding that insurer's "refusal to defend was unreasonable and done in bad faith"). WSHH alleges that Plaintiffs effectively and unreasonably denied their insured, Vandervert, a defense in violation of IFCA, which WSHH, standing in Vandervert's shoes, is entitled to raise. Because the court does not find that proposed claim to be clearly frivolous, it will allow WSHH leave to file an amended pleading that includes it.[2]

## IV.   CONCLUSION

For the foregoing reasons, WSHH's motion for leave to amend its answer and counterclaims (Dkt. # 25) is GRANTED. WSHH is ORDERED to file the revised proposed amended answer attached as an exhibit to its reply brief within seven (7) days of the date of this order.

Dated this 6th day of July, 2022.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[2] The court would reach this same conclusion even if WSHH had not submitted a revised proposed amended answer or clarified in its reply brief that it was abandoning its assertion that violations of Washington insurance regulations constitute per se violations of IFCA. Both versions of WSHH's proposed amended answer allege that "Plaintiffs['] conduct . . . constituted an unreasonable denial of a claim for coverage and defense that gives rise to liability under [IFCA]." (*See* Proposed Am. Answer ¶ 49; Rev. Proposed Am. Compl. ¶ 49.) The presence of the additional allegation that Plaintiffs' alleged regulatory "violations constitute violations of IFCA, including per se violations pursuant to RCW 48.30.015," would not have made amendment, on the whole, sufficiently futile so as to warrant denying WSHH leave to amend. (*See* Rev. Proposed Am. Answer ¶ 50 (striking through abandoned allegation).)