1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

VALLEY FORGE INSURANCE
COMPANY, et al.,

                    Plaintiffs,

          v.

WASHINGTON SQUARE HOTEL
HOLDINGS LLC,

                    Defendant.

CASE NO. C21-0847JLR

ORDER

16

## I.   INTRODUCTION

17

18

19

20

21

22

Before the court is Defendant Washington Square Hotel Holdings, LLC's motion for relief under Federal Rule of Civil Procedure 56(d), in which it asks the court to deny Plaintiffs Valley Forge Insurance Company ("Valley Forge") and Continental Casualty Company's ("Continental") (collectively, "Plaintiffs") motion for summary judgment. (Mot. (Dkt. # 35); Reply (Dkt. # 39); *see also* MSJ (Dkt. # 30).)  Plaintiffs oppose WSHH's motion for relief under Rule 56(d).  (Resp. (Dkt. # 37).)  WSHH opposes

ORDER - 1

1  Plaintiffs' summary judgment motion and also moves to seal an exhibit filed in support of

2  its response brief.  (*See* MSJ Resp. (Dkt. # 41); Seal Mot. (Dkt. # 43).)  The court has

3  considered the submissions of the parties, the relevant portions of the record, and the

4  applicable law.  Being fully advised,[1] the court GRANTS WSHH's motion for Rule 56(d)

5  relief; DENIES Plaintiffs' motion for summary judgment without prejudice; and DENIES

6  as moot WSHH's motion to seal an exhibit filed in support of its summary judgment

7  response.

8  ## II.    BACKGROUND

9         This declaratory judgment action arises out of the construction of a Hilton Garden

10 Inn hotel in Bellevue, Washington that began in 2015 (the "Project").  (*See* Compl. (Dkt.

11 # 2) ¶¶ 4.2-4.4; Answer (Dkt. # 10) ¶¶ 4.2-4.4.)  WSHH, the owner of the Project, seeks

12 to recover losses allegedly caused by its former general contractor, Vandervert

13 Construction, Inc. ("Vandervert"), under two policies issued by Plaintiffs to Vandervert

14 (the "Policies").  (*See* Compl. ¶¶ 4.2-4.4, 6.3-6.5; Answer ¶¶ 4.2-4.4.)

15        Plaintiffs filed this action on June 23, 2021 and sought a declaration that WSHH's

16 losses are not covered by the Policies and that Plaintiffs have no obligation to pay WSHH

17 for them.  (*See id.*; *see also* Compl. at 12-13.)  WSHH answered the complaint on

18 September 20, 2021, and also asserted counterclaims against Plaintiffs for breach of

19 contract (Answer ¶¶ 20-22); violations of the Washington Consumer Protection Act

20 //

21

22

---

[1] The parties do not request oral argument (*see* Mot. at 1; Resp. at 1) and the court concludes that oral argument is not necessary to dispose of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1    ("CPA") (*id.* ¶¶ 22-27); negligence (*id.* ¶¶ 28-31); and breach of Plaintiffs' duty to act in

2    good faith (*id.* ¶¶ 32-40).  Plaintiffs then moved for summary judgment on the coverage

3    issue.  (MSJ (Dkt. # 15).)  The court granted that motion, found that WSHH was not

4    entitled to coverage under the Policies and, thus, granted Plaintiffs' motion for summary

5    judgment.  (*See* 2/4/22 Order (Dkt. # 22).)  Subsequently, WSHH moved for leave to

6    amend its answer and counterclaims by adding a counterclaim alleging that Plaintiffs

7    violated the Washington Insurance Fair Conduct Act ("IFCA"), which the court granted

8    in an order issued on July 6, 2022.  (Mot. to Amend (Dkt. # 10); 7/6/22 Order (Dkt.

9    # 45).)  While WSHH's motion for leave to amend was pending, however, Plaintiffs

10   moved for summary judgment on the existing breach of contract, bad faith, negligence,

11   and CPA counterclaims, which prompted WSHH to file the instant motion seeking relief

12   under Rule 56(d).  (*See* MSJ; Mot.)

13                              **III.    ANALYSIS**

14          WSHH seeks relief under Federal Rule of Civil Procedure 56(d) and asks the court

15   to deny Plaintiffs' summary judgment motion because "document discovery is not

16   complete and no depositions have been taken."  (*See* Mot. at 2.)  Below, the court sets

17   forth the relevant legal standard for motions made under Rule 56(d) and then turns to

18   consider whether WSHH should be afforded additional time to conduct discovery before

19   opposing Plaintiffs' summary judgment motion.

20          Under Federal Rule of Civil Procedure 56(d), if the nonmoving party "shows by

21   affidavit or declaration that, for specified reasons, it cannot present facts essential to

22   justify its opposition, the court may:  (1) defer considering the motion or deny it;

1    (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any

2    other appropriate order." Fed. R. Civ. P. 56(d).  To prevail on a Rule 56(d) motion, the

3    party opposing summary judgment "must make '(a) a timely application which

4    (b) specifically identifies (c) relevant information, (d) where there is some basis for

5    believing that the information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 &*

6    *505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA*

7    *Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986)).

8    Moreover, unless the party requesting a continuance "has not diligently pursued

9    discovery of the evidence," their request "should be granted almost as a matter of

10   course." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort*

11   *Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotation marks and

12   citations omitted).

13         As WSHH sets forth in an affidavit from its counsel, additional time for discovery

14   is needed to depose:  (1) "Shari Bradix, the claims handler primarily responsible for

15   handling, investigating, and evaluating Vandervert's tender and request for a defense";

16   (2) attorneys at Lee Smart, the law firm hired by Plaintiffs to defend Vandervert,

17   regarding whether any "instructions and limitations were placed on Lee Smart" by

18   Plaintiffs; and (3) Rick Wetmore, the counsel Vandervert retained, regarding Plaintiffs'

19   efforts to defend and reach a coverage determination on behalf of Vandervert.  (*See*

20   6/23/22 Clapham Decl. (Dkt. # 36) ¶ 8.)  WSHH further asserts that these depositions

21   have not yet been scheduled because they will be most useful if they are sequenced after

22   all responsive documents have been produced.  (*See id.*)  In opposition, Plaintiffs argue

ORDER - 4

1   that Rule 56(d) relief is not warranted because Plaintiffs have produced all responsive

2   documents; the discovery WSHH claims to need from Lee Smart and Mr. Wetmore is not

3   essential to its summary judgment defense; WSHH fails to identify the information it

4   needs from Ms. Bradix; and WSHH has not diligently pursued discovery in this matter.

5   (*See* Resp. at 2, 5-8.)

6        As an initial matter, the information WSHH seeks from Ms. Bradix, Mr. Wetmore,

7   and Lee Smart is sufficiently identified, plainly relevant to WSHH's defense of its

8   counterclaims, and likely to be obtained from WSHH's discovery targets.  *See Emps.*

9   *Teamsters*, 353 F.3d at 1129.  For instance, WSHH wishes to depose Ms. Bradix

10  regarding, among other topics, the defense Plaintiffs provided to Vandervert and to ask

11  Ms. Bradix why Lee Smart appeared at a "mediation wholly unprepared and without

12  having retained any experts to address the damages being claimed."  (Reply at 2-3; *see*

13  *also* 6/23/22 Clapham Decl. ¶ 8.)  If given additional time, WSHH would further depose

14  a representative of Lee Smart regarding whether any "instructions and limitations were

15  placed on" them by Plaintiffs when they were retained to represent Vandervert.  (6/23/22

16  Clapham Decl. ¶ 8.)  Finally, WSHH would like more time in order to depose Mr.

17  Wetmore "about the nature and extent of a defense provided by" Plaintiffs "and about his

18  attempts to obtain a coverage determination" from Plaintiffs on Vandervert's behalf.

19  (*See id.*).  Whether Plaintiffs unreasonably denied Vandervert a defense, in breach of

20  their duties as insurers, is central to the counterclaims on which Plaintiffs seek summary

21  judgment.  (*See* Answer ¶¶ 20-40.)  As such, WSHH's ability to defend those

22  //

1   counterclaims will be significantly enhanced if it is able to collect documents from and

2   then depose those most directly involved with Plaintiffs' defense of Vandervert.

3        In addition, the court does not find that WSHH has been dilatory in its discovery

4   efforts.  Although discovery has "been open for more than eight months," during which

5   time WSHH has apparently not taken any depositions or served any interrogatories

6   (Resp. at 8), discovery does not close in this matter until June 12, 2023 (*see* Sched. Order

7   (Dkt. # 13)).  Moreover, WSHH asserts that it cannot conduct depositions of Ms. Bradix,

8   Lee Smart, or Mr. Wetmore until document discovery is complete.  (*See* 6/23/22

9   Clapham Decl. ¶ 8.)  The benefits of sequencing discovery in that manner are obvious

10  and the court concludes that WSHH's approach is reasonable here, where substantial time

11  remains before discovery closes.  There has hardly been time for WSHH to carry out that

12  approach, however, because Plaintiffs finished producing documents on June 15, 2022

13  (Rainwater Decl. (Dkt. # 38) ¶ 4) and then filed their second summary judgment motion

14  the following day (*see also* MSJ).  Likewise, Lee Smart's first document production was

15  not due until July 5, 2022, a deadline that was set before Plaintiffs moved for summary

16  judgment.  (*See* 6/23/22 Clapham Decl. ¶ 8 (asserting that WSHH cannot schedule a

17  deposition "until after Lee Smart responds to the outstanding subpoena duces tecum").)

18       Because WSHH has made a timely motion for relief under Rule 56(d) that

19  identifies with sufficient specificity relevant information it seeks additional time to

20  pursue and because WSHH has not been unduly dilatory in its efforts to obtain discovery

21  in this matter, the court concludes that relief under Rule 56(d) is warranted.  *See Emps.*

22  *Teamsters*, 353 F.3d at 1129.  Moreover, because the court has authorized WSHH to add

1  a closely related counterclaim under IFCA (*see* 7/6/22 Order), denial—as opposed to

2  deferral—of Plaintiffs' motion is the appropriate and most efficient remedy.  *See* Fed. R.

3  Civ. P. 56(d).  Once WSHH has had a reasonable opportunity to complete document

4  discovery and then depose Ms. Bradix, Mr. Wetmore, and a representative of Lee Smart,

5  Plaintiffs will be able to move for summary judgment against WSHH's counterclaims in

6  a comprehensive fashion.[2]

7  ### IV.   CONCLUSION

8      Accordingly, to permit WSHH a reasonable period of time within which to

9  complete document discovery and then depose Ms. Bradix, Mr. Wetmore, and a

10  representative of Lee Smart, the court ORDERS as follows:  WSHH's motion for relief

11  under Rule 56(d) (Dkt. # 35) is GRANTED; Plaintiffs' motion for summary judgment

12  (Dkt. # 30) is DENIED without prejudice; and WSHH's motion to seal an exhibit

13  attached to its summary judgment response (Dkt. # 43) is DENIED as moot.

14      Dated this 7th day of July, 2022.

15

16  _____

17  JAMES L. ROBART
    United States District Judge

18

19

20      [2] WSHH indicates that, once it has conducted its desired discovery, it will also move for
    summary judgment on its counterclaims.  (*See* Mot. at 22-23.)  The parties are encouraged to

21  maintain open lines of communication regarding the potential for cross-motions practice and, if
    such cross-motions seem likely, to consider proceeding in the manner outlined in the court's
    local rules by stipulating to a cross-motions briefing schedule.  *See* Local Rules W.D. Wash.

22  LCR 7(k).

ORDER - 7