1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
8                                       AT SEATTLE

9

10   VALLEY FORGE INSURANCE                    CASE NO. C21-0847JLR
     COMPANY, et al.,
11                                             ORDER
                        Plaintiffs,
12          v.

13
     WASHINGTON SQUARE HOTEL
14   HOLDINGS LLC, et al.,

                        Defendants.
15

16                          I.      INTRODUCTION

17       Before the court is Plaintiffs Valley Forge Insurance Company and Continental

18   Casualty Company's (collectively, "Plaintiffs") motion to compel discovery from

19   Defendant Washington Square Hotel Holdings, LLC ("WSHH").  (Mot. (Dkt. # 53);

20   Reply (Dkt. # 59).)  WSHH opposes the motion.  (*See* Resp. (Dkt. # 58-1).[1])  The court

21

     _____

22       [1] WSHH initially filed a response on November 14, 2022.  (*See* 1st Resp. (Dkt. # 55).)
     On November 15, 2022, WSHH filed a praecipe asking the court to replace its November 14,

1   has considered the parties' submissions, the balance of the record, and the applicable law.

2   Being fully advised,[2] the court DENIES in part Plaintiffs' motion and ORDERS WSHH

3   to provide unredacted copies of the documents identified below to the court for its *in*

4   *camera* review no later than December 8, 2022.

5                          **II.       BACKGROUND**

6           This declaratory judgment action arises out of the construction of a Hilton Garden

7   Inn hotel in Bellevue, Washington that began in 2015 (the "Project").  (*See* Compl. (Dkt.

8   # 2) ¶¶ 4.2-4.4; Answer (Dkt. # 10) ¶¶ 4.2-4.4.)  WSHH, the owner of the Project, seeks

9   to recover losses allegedly caused by its former general contractor, Vandervert

10  Construction, Inc. ("Vandervert"), under insurance policies Plaintiffs issued to

11  Vandervert.  (*See* Compl. ¶¶ 4.2-4.4, 6.3-6.5; Answer ¶¶ 4.2-4.4.)  In relevant part[3],

12  WSHH asserts that Plaintiffs breached their obligation to pay Vandervert's pre-tender

13  defense costs, and that this alleged breach, "standing alone, supports WSHH's

14  [counterclaims]."  (*See* 2nd MSJ Resp. (Dkt. # 41) at 2-3, 12-14.)  Plaintiffs, who

15  describe the allegedly unpaid defense costs as Plaintiffs' "sole basis of harm," asked

16

17  2022 filing with a copy containing non-substantive corrections.  (*See* Praecipe (Dkt. # 58); Ex. 1
(Dkt. # 58-1) (containing WSHH's corrected response).)  The court cites to WSHH's corrected
response attached to the praecipe.

18

19  [2] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court
concludes that oral argument is not necessary to dispose of the motion, *see* Local Rules W.D.
Wash. LCR 7(b)(4).

20

21  [3] The court detailed the procedural background of this case in its July 7, 2022 order
regarding Plaintiffs' second motion for summary judgment on WSHH's counterclaims.  (*See*
7/7/22 Order (Dkt. # 46) (denying Plaintiffs' motion without prejudice so the parties can conduct

22  discovery).)  The court need not repeat this history here and instead discusses only the procedural
background relevant to the instant motion.

1   WSHH to produce documents that would substantiate the alleged injury.  (*See* Mot. at 2.)

2   WSHH produced a number of emails between counsel for WSHH and counsel for

3   Vandervert's receiver, Rick Wetmore, between July 25, 2022 and September 16, 2022, or

4   the period when Plaintiffs were allegedly in breach of their obligations to WSHH.  (*See*

5   Mot. at 2.)  WSHH redacted some sections of these emails, asserting they contain

6   attorney work product.  (*See* Supp. Rainwater Decl. (Dkt. # 60) ¶ 2, Ex. 11 ("Privilege

7   Log") at 4-6.)

8        Plaintiffs now ask the court to compel WSHH to produce these emails without

9   redaction.  (*See generally* Mot.)  In the alternative, Plaintiffs seek *in camera* review of the

10   emails.  (*Id*. at 13.)  WSHH opposes the motion, contending that the redacted portions of

11   these emails are subject to the attorney work product protection.  (*See* Resp. at 3).

12   However, WSHH states that it would consent to *in camera* review of the emails.  (*See id.*)

### III.   ANALYSIS

14        The court first reviews the legal standard for obtaining discovery of allegedly

15   privileged documents before turning to Plaintiffs' motion.

16   **A.   Legal Standard**

17        "Parties may obtain discovery regarding any nonprivileged matter that is relevant

18   to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P.

19   26(b)(1).  Under Federal Rule of Civil Procedure 37, "a party seeking discovery may

20   move for an order compelling an answer, designation, production, or inspection."  Fed. R.

21   Civ. P. 37(a)(3)(B).  The "work-product doctrine 'protects from discovery documents and

22   tangible things prepared by a party or his representative in anticipation of litigation.'"

1    *U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist.*

2    *Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)).  The work product doctrine, however, "is

3    intended only to guard against the divulging of [an] attorney's strategies and legal

4    impressions," and therefore "does not protect facts . . . contained within the work

5    product." *Cal. Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D.

6    638, 644 (E.D. Cal. 2014) (internal quotation marks omitted) (quoting *Garcia v. City of*

7    *El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003)).  A party may not use the work product

8    doctrine "both as a sword and a shield. . . . Where a party raises a claim which in fairness

9    requires disclosure of the protected communication, the privilege may be implicitly

10   waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citing

11   *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)); *see also Volcan Group,*

12   *Inc. v. T-Mobile USA, Inc.*, No. C10-0710RSM, 2011 WL 6141000, at *3 (W.D. Wash.

13   Dec. 9, 2011) (holding litigant waived work product doctrine protection by using the

14   protected material "both as a sword and a shield").  A party seeking to discover

15   documents that are protected by the work product doctrine must demonstrate a

16   "substantial need" to obtain them or inability to obtain the equivalent without undue

17   hardship. *Admiral Ins. Co. v. U.S. Dist. Ct. of Arizona*, 881 F.2d 1486, 1494 (9th Cir.

18   1989) (citing *Upjohn v. United States*, 449 U.S. 383, 401 (1981)); *see also* Fed. R. Civ. P.

19   26(b)(3).

20   **B.      Plaintiffs' Motion to Compel**

21           Plaintiffs argue that they are entitled to the unredacted emails between Mr.

22   Wetmore and counsel for WSHH because the redacted sections are "purely factual"

1  discovery regarding WSHH's alleged defense costs and are therefore not protected by the

2  work product doctrine.  (*See* Mot. at 10-11.)  In the alternative, Plaintiffs argue that even

3  if the redacted sections contain work product, WSHH has waived the protection by using

4  the correspondence to confirm the defense costs without producing the same

5  correspondence.  (*See id.* at 11-13.)

6         WSHH responds that the redacted portions of the emails consist of

7  communications from counsel for WSHH to Mr. Wetmore and asserts that these

8  messages are protected by the work product doctrine.  (*See* Resp. at 9-10.)  WSHH also

9  argues that Plaintiffs do not have a substantial need for the emails because the redacted

10 text is not necessary to establish Plaintiffs' liability for the defense costs WSHH

11 allegedly incurred.  (*See id*. at 12.)  WSHH argues further that Plaintiffs can access the

12 information contained therein through the invoices already produced or by deposing Mr.

13 Wetmore.  (*See id*. at 12-13.[4])

14        To begin, the court notes that the parties dispute the number of emails at issue.

15 (*Compare* Reply at 5 (contending that "there are at least nine emails at issue"), *with* Resp.

16 at 10 (asserting that Plaintiffs' motion refers to three emails).)  The court concludes that

17 counsel for WSHH and Mr. Wetmore had nine email exchanges during the relevant

18 period, identified by the following Bates numbers:  WSHH194969-71;

19 WSHH194972-75; WSHH194979-81; WSHH194982-83; WSH194984-90;

20

21        [4] WSHH also uses much of its brief to argue the merits of its counterclaims.  (*See* Resp.
   at 4-10.)  These arguments are not properly before the court on Plaintiffs' motion to compel
22 discovery, and the court need not address them here.

ORDER - 5

1    WSHH194997-5001; WSHH195002-09; WSHH195011-18; and WSHH195019-47.  (*See*

2    Privilege Log at 4-6.)

3        The court concludes that *in camera* review of these emails is necessary to

4    determine whether the redacted portions of the emails are protected by the work product

5    doctrine.  *See, e.g., Gamble v. State Farm Mutual Auto. Ins. Co.*, No. C19-5956RJB,

6    2020 WL 4193217, at *4 (W.D. Wash. July 20, 2020) (ordering *in camera* review where

7    it was "not obvious to the [c]ourt whether" disputed materials were subject to privilege);

8    *Grayless v. Allstate Ins. Co.*, Case No. C21-5492DWC, 2021 WL 6498255, at *3 (W.D.

9    Wash. Dec. 16, 2021) (same).  Following its review, the court will determine whether to

10   compel WSHH to produce the unredacted emails.

11   **C.    Attorneys' Fees**

12       Each party requests attorneys' fees incurred in bringing or defending this motion.

13   (*See* Mot. at 13; Resp. at 13.)  The court declines to rule on this issue at this time; rather,

14   it will address whether fees should be awarded after it has conducted *in camera* review of

15   the emails.

16                    **IV.    CONCLUSION**

17       For the foregoing reasons, the court DENIES in part Plaintiffs' motion (Dkt. # 53)

18   and ORDERS WSHH to provide unredacted copies of the following documents to the

19   court no later than December 8, 2022:  WSHH194969-71; WSHH194972-75;

20

21

22

ORDER - 6

1 │ WSHH194979-81; WSHH194982-83; WSH194984-90; WSHH194997-5001;

2 │ WSHH195002-09; WSHH195011-18; and WSHH195019-47.

3 │        Dated this 1st day of December, 2022.

4

5

6 │                                        JAMES L. ROBART
                                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 7