1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, et al., | CASE NO. C21-0847JLR |
| Plaintiffs, | ORDER |
| v. | |
| WASHINGTON SQUARE HOTEL HOLDINGS LLC, et al., | |
| Defendants. | |

## I.     INTRODUCTION

Before the court are nine email exchanges that Defendant Washington Square

Hotel Holdings LLC ("WSHH") redacted, claiming they are subject to work-product

protection.  After briefing by the parties on Plaintiff Valley Forge Insurance Company's

("Valley Forge") motion to compel, the court ordered WSHH to provide the disputed

email exchanges to the court for *in camera* review to determine whether WSHH should

produce them.  (*See* Mot. (Dkt. # 53); Resp. (Dkt. # 55); Reply (Dkt. # 59); 12/1/22 Order

(Dkt. # 65) at 6-7.)  The court now addresses which, if any, of WSHH's redacted emails should be produced to Valley Forge and whether either party is entitled to reasonable attorney's fees incurred in bringing or defending the motion to compel.  The court has reviewed the emails at issue and, based on its *in camera* review, the parties' prior submissions, and the relevant law, the court ORDERS WSHH to produce the email exchanges identified below and in the manner described in this order.  The court has also considered the parties' requests for attorneys' fees (*see* Mot. at 13; Resp. at 12) and DENIES both requests.

## II.    ANALYSIS

The court first reviews the work-product doctrine before turning to the redacted emails at issue here.  The court then discusses its decision with respect to the parties' requests for attorneys' fees.

**A.    The Work-Product Doctrine**

The "work-product doctrine 'protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'"  *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)).  The work-product doctrine, however, "is intended only to guard against the divulging of [an] attorney's strategies and legal impressions," and therefore "does not protect facts . . . contained within the work product."  *Cal. Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 644 (E.D. Cal. 2014) (internal quotation marks omitted) (quoting *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003)).

1    A party may nevertheless discover documents subject to work-product protection

2    by demonstrating a "substantial need" to obtain them or inability to obtain the equivalent

3    without undue hardship.  *Admiral Ins.*, 881 F.2d at 1494 (citing *Upjohn v. United States*,

4    449 U.S. 383, 400-01 (1981)); *see also* Fed. R. Civ. P. 26(b)(3).

5    **B.    WSHH's Redacted Emails**

6    The email exchanges at issue here are between counsel for WSHH and Rick

7    Wetmore, who acted as counsel for the receiver for WSHH's former general contractor.

8    (*See* 12/1/22 Order at 2.)  The unredacted portions of the emails show discussions

9    between counsel for WSHH and Mr. Wetmore regarding alleged defense costs that

10   WSHH seeks to recover from Valley Forge.  (*See, e.g.*, 1st Rainwater Decl. (Dkt. # 54)

11   ¶ 2, Ex. 2 at 6-7.[1])  WSHH redacted emails solely on the basis that the work-product

12   doctrine protects their contents from disclosure.  (*See* Resp. at 9-10.)  Valley Forge

13   argued that the redacted emails are not subject to work-product protection because they

14   contain "purely factual" discovery, or in the alternative, WSHH waived the protection but

15   using them "both as a sword and as a shield."  (*See* 12/1/22 Order at 4-5); *see Chevron*

16   *Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citing *United States v.*

17   *Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).

18   As an initial matter, the court determines that WSHH did not waive work-product

19   protection by asserting a claim for defense costs.  Contrary to Valley Forge's arguments

20   that WSHH uses the emails as both a sword and a shield (*see* Mot. at 2), WSHH does not

21

22       [1] The court uses the page numbers in the CM/ECF header unless otherwise indicated.

ORDER - 3

1   depend on the contents of its redacted emails to substantiate its claim for defense costs

2   (*see* Resp. at 10-11 (explaining that redacted emails contain requests for information

3   from Mr. Wetmore regarding defense costs—not defense costs or calculations

4   themselves)).  Accordingly, to the extent the disputed emails contain attorney mental

5   impressions and litigation strategy, WSHH is entitled to assert work-product privilege,

6   and the burden falls to Valley Forge to demonstrate a substantial need and inability to

7   obtain them otherwise.  *See Upjohn*, 449 U.S. at 400-01.

8        Many of the documents contain descriptions of attorney strategies and mental

9   impressions and WSHH therefore properly redacted them under the work-product

10   doctrine.  The court finds that Valley Forge has not demonstrated a substantial need to

11   obtain the redacted emails.  The court is not persuaded that Valley Forge cannot defend

12   itself against WSHH's claim for defense costs without knowing the particular words

13   WSHH used to request the information from Mr. Wetmore.  Accordingly, WSHH need

14   not alter the redactions in the documents subject to work-product protection.

15   Specifically, the court finds that the following documents were properly redacted

16   pursuant to the work-product doctrine:  WSHH194969-71; WSHH194979-81;

17   WSHH195019-47.[2]  The court concludes, however, that WSHH redacted several emails

18   that do not contain any material protected by the work-product doctrine.

19

20

21

22

---

[2] Accordingly, no alterations are necessary and WSHH need not produce these documents again.

Based on the foregoing legal standards, the parties' submissions, and the court's *in camera* review, the court ORDERS WSHH to produce to Valley Forge the following documents in the manner indicated no later than December 22, 2022:

| Document ID | Alteration(s) |
|---|---|
| WSHH194972-75 | Remove redactions in WSHH194972 and WSHH194975 |
| WSHH194982-83 | Remove redactions in WSHH194982 |
| WSHH194984-90 | Remove redactions in WSHH194984 and WSHH194989-90 |
| WSHH194997-5001 | Remove redactions in WSHH195000-01 |
| WSHH195002-09 | Remove redactions in WSHH195002-03 and WSHH195008-09 |
| WSHH195011-18 | Remove redactions in WSHH195017-18 |

## C.   Attorneys' Fees

Both parties seek reasonable fees incurred in bringing and defending the motion to compel.  (Mot. at 13; Resp. at 12.)  Federal Rule of Civil Procedure 37(a)(5) provides that a party who successfully moves to compel discovery or who successfully opposes such a motion should receive reasonable costs and attorneys' fees incurred in making the motion.  *See* Fed. R. Civ. P. 37(a)(5).  An award of fees to a prevailing party is mandatory unless:  (1) the moving party filed the motion before attempting in good faith to resolve the matter; (2) the opposing party's non-disclosure was substantially justified; or (3) other circumstances make an award of expenses unjust.  *See id.*  Where the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

1       Having granted Valley Forge's motion to compel in part and reviewed the merits

2 of the underlying motion, the court concludes that an award of expenses would be unjust

3 under these circumstances. *See* Fed. R. Civ. P. 37(a)(5). Accordingly, no apportionment

4 of fees is warranted here. *See* Fed. R. Civ. P. 37(a)(5)(C). The court DENIES both

5 parties' requests for attorneys' fees associated with bringing or opposing Valley Forge's

6 motion and encourages the parties to resolve disputes that do not merit court intervention

7 before filing motions going forward.

8                           **III.   CONCLUSION**

9       For the forgoing reasons, the court GRANTS IN PART Valley Forge's motion to

10 compel discovery and for reasonable attorneys' fees (Dkt. # 53). The court ORDERS

11 WSHH to produce the documents listed above with the alterations specified no later than

12 December 22, 2022. Additionally, the court DENIES both parties' requests for payment

13 of expenses associated with bringing and opposing the motion to compel.

14       Dated this 15th day of December, 2022.

15

16

17                           JAMES L. ROBART
                            United States District Judge

18

19

20

21

22

ORDER - 6