1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10
VALLEY FORGE INSURANCE
COMPANY, et al.,

11

Plaintiffs,

12
v.

13
WASHINGTON SQUARE HOTEL
HOLDINGS LLC, et al.,

14

15
Defendants.

CASE NO. C21-0847JLR

ORDER

16
**I.    INTRODUCTION**

17
Before the court is Defendant Washington Square Hotel Holdings LLC's

18
("WSHH") motion to strike a portion of a declaration of Austin Rainwater. (*See* Mot.

19
(Dkt. # 63); *see also* 11/18/22 Rainwater Decl. (Dkt. # 60).) Plaintiffs Valley Forge

20
Insurance Company and Continental Casualty Company (collectively, "Valley Forge") do

21
not oppose the motion. (*See generally* Dkt.) The court has considered WSHH's

22

ORDER - 1

1    submissions, the balance of the record, and applicable law.  Being fully advised,[1] the

2    court DENIES WSHH's motion.

3                              **II.     BACKGROUND**

4          Mr. Rainwater serves as counsel for Valley Forge in this matter.  (*See* 11/18/22

5    Rainwater Decl. ¶ 1.)  WSHH asks the court to strike a paragraph in Mr. Rainwater's

6    November 18, 2022 declaration (and references thereto in Valley Forge's pleadings) that,

7    according to WSHH, inaccurately states that WSHH produced an incomplete privilege

8    log in discovery.[2]  (*See* Mot. at 2 (first citing 11/18/22 Rainwater Decl. ¶ 3; and then

9    citing Valley Forge Reply to MTC (Dkt. # 59) at 4).)  Specifically, Mr. Rainwater asserts

10   that WSHH's privilege log omits one of the email chains at issue in the parties'

11   underlying discovery dispute.  (*See* 11/18/22 Rainwater Decl. ¶ 3 (stating WSHH

12   produced the email chain identified as WSHH194970-71 in discovery but did not list it in

13   the privilege log).)  WSHH points out, however, that its privilege log lists the identified

14   email chain as part of a longer thread of emails.  (*See id.* ¶ 2, Ex. 11 at 3 (listing the email

15   chain identified as WSHH194969-71).)  Counsel for WSHH asked Mr. Rainwater to

16

17   _____

     [1] WSHH does not request oral argument (*see* Mot. at 1), and the court finds that oral
     argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash.
18   LCR 7(b)(4).

19   [2] The court detailed the procedural background of this case in its July 7, 2022 order
     regarding Plaintiffs' second motion for summary judgment on WSHH counterclaims (*see* 7/7/22
20   Order (Dkt. # 46) (denying Valley Forge's motion without prejudice so the parties can conduct
     discovery)) and described the factual and procedural background of the underlying discovery
21   dispute in its order on Valley Forge's motion to compel (*see* 12/1/22 Order (Dkt. # 65) (denying
     in part Valley Forge's motion and ordering *in camera* review of disputed documents)).  The
22   court need not repeat this history here and instead discusses only the procedural background
     relevant to the instant motion.

ORDER - 2

1   retract his declaration, but Mr. Rainwater refused.  (*See* Clapham Decl. (Dkt. # 64)

2   ¶¶ 2-4, Exs. 1-3.)  WSHH then filed the instant motion asking the court to strike these

3   statements because they are "incorrect and impugn[] Washington Square."  (Mot. at 1.)

4                                 **III.   ANALYSIS**

5         Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an

6   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

7   Fed. R. Civ. P. 12(f); *see also Cobell v. Norton*, 224 F.R.D. 1, 2 (D.D.C. 2004) (noting

8   that, for the purposes of Rule 12(f), affidavits and declarations may also be considered

9   "pleadings").  An affidavit may be stricken as "scandalous" if "the matter . . . may cause

10  prejudice to the objecting party."  *Sirois v. East West Partners, Inc.*, 285 F. Supp. 3d

11  1152, 1162 (D. Haw. 2018) (quoting *Talbot v. Robert Matthews Distrib., Co.*, 961 F.2d

12  654-65 (7th Cir. 1992)) (internal quotation marks omitted) (declining to strike material

13  that merely painted the objecting party in a "derogatory light.").  "Motions to strike are

14  generally regarded with disfavor because of the limited importance of pleading in federal

15  practice, and because they are often used as a delaying tactic."  *Cal. Dep't of Toxic*

16  *Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032-33 (C.D. Cal. 2002);

17  *see also Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628-29 (E.D. Cal. 2014)

18  (finding it "more likely the parties and the court have already needlessly expended more

19  resources on this motion," than any party will save if the motion to strike is granted).

20        Although the court agrees that the statement in Mr. Rainwater's declaration

21  regarding WSHH's privilege log is inaccurate, the court is not persuaded that the

22  inaccurate material contained in Mr. Rainwater's declaration causes prejudice to WSHH.

ORDER - 3

1    Mr. Rainwater's refusal to retract the erroneous material is concerning but his

2    misstatement does nothing more than indirectly paint WSHH in a derogatory light and

3    therefore need not be stricken by the court.  *See Sirois*, 285 F. Supp. 3d at 1162.

### IV.    CONCLUSION

5         For the foregoing reasons, the court DENIES WSHH's motion to strike (Dkt.

6    # 63), and again urges the parties to refrain from filing motions that do not merit court

7    intervention going forward (*see* 12/15/22 Order (Dkt. # 68) at 6).

8         Dated this 16th day of December, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 4